DAVID S. GORBATY, Judge.
_JjIn this appeal, appellant Yolande Johnson argues that the Civil Service Commission (“CSC”) erred in dismissing her appeal. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

Appellant is a New Orleans Police Officer II, with permanent status. On August 28, 2005, her unit was assigned to the Superdome, where they remained until relieved by federal troops on September 3, 2005. At that time, appellant and members of her unit were given permission to leave active duty until September 6, 2005. According to Johnson, permission was also allowed for time off beyond September 6 if the officer requesting such additional time signed a list indicating that she would not be in a position to return to active duty by September 6. At that time, Johnson was the single parent of a five month old child, who was staying with a friend in Ohio while Johnson was on duty during Hurricane Katrina. Appellant signed the second list indicating that she would need additional time | ¡.beyond September 6, since she knew she would need this time to make arrangements for her child.
Johnson traveled to Ohio, and asserts that she made repeated efforts to contact her supervisors, to no avail. Appellant avers that on September 17, she was able to contact a supervisor, who notified her that she had already been suspended, and should not return to work until she had served the mandatory thirty day emergency suspension time period. Appellant obeyed, and did not return to active duty until October 24, 2005.
Subsequently, a Public Integrity Bureau investigation was conducted by Sgt. Paul Monies. He rendered a recommendation that charges of neglect of duty not be sustained, as a result of the conflict in testimony as to whether or not appellant had permission to be absent from work. Thereafter, a disciplinary hearing was con *540 ducted. A recommendation was made to the Superintendent that a violation of neglect of duty be sustained, and that appellant be given a seventy-five day suspension. The Appointing Authority upheld this suspension. Appellant appealed to the CSC. The Hearing Examiner, in his recommendations to the Committee, found that appellant “acted in good faith” and suggested that the ruling upholding the suspension be reversed. Despite this recommendation, the CSC upheld a forty-five day suspension. Appellant filed a Motion for Rehearing, pointing out that the length of the suspension was contrary to the Appointing Authority’s guideline. Thereafter, the CSC reduced appellant’s suspension to forty days. Johnson subsequently filed this appeal.
| ¿DISCUSSION
Appellant argues that the CSC erred in dismissing her appeal, since she was granted permission to be absent from duty by her supervisors.
In the alternative, appellant avers that the CSC erred in denying her appeal since, under the conditions created by Hurricane Katrina, no discipline was warranted in this case, or, if some discipline was warranted, the penalty imposed on her was excessive under the circumstances.
An appellate court’s standard of review is established by the constitutional rule that the commission’s decision is subject to review on any question of law or fact. Accordingly, a court should apply the clearly wrong or manifest error rule prescribed generally for appellate review in deciding whether to affirm the commission’s factual findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Co., 283 So.2d 716 (La.1973).
There is conflicting testimony in the record about whether there ever was a list actually prepared that could have provided a basis for appellant to take off additional time. No such list was produced at the hearing, and appellant’s direct supervisor, Sgt. Andrew Washington, had never seen such a list. In light of Sgt. Washington’s testimony, we cannot say that the CSC’s decision was manifestly erroneous. The CSC’s conclusion that appellant did not obtain permission for her absence is supported by Sgt. Washington’s statements and the fact that the alleged list was not offered into evidence. The CSC was under no obligation to follow the recommendations of Sgt. Monies or the Hearing Examiner, and evidently chose to believe the testimony of Sgt. Washington instead. As such, we find that the CSC properly dismissed Johnson’s appeal.
| ¿We further find that the penalty imposed was warranted and not excessive under the circumstances. According to the penalty guidelines established by the Appointing Authority, officers who missed from one to seven days were given a thirty day suspension, and for each day thereafter, an additional ten day suspension was added. In this case, the disciplinary letter charged appellant with being absent for eight days. Ultimately, the CSC suspended appellant for forty days. This penalty was in keeping with the guidelines set forth. We find no merit to this assignment of error.

CONCLUSION

Accordingly, for the reasons set forth above, the judgment of the CSC is affirmed.

AFFIRMED.